FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BARRY CUMMINGS,

    Defendant - Appellant.

No. 25-3214
(D.C. No. 2:23-CR-20069-DDC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Barry Cummings pleaded guilty to one count of mail fraud, in violation of

18 U.S.C. § 1341.  The district court sentenced him to 15 months' imprisonment, two

years of supervised release, and more than $1.2 million in restitution.  Although his

plea agreement contains an appeal waiver, Mr. Cummings appealed.

When the government moved to enforce the appeal waiver under *United States*

*v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc), Mr. Cummings' attorney

concluded that it would be frivolous to oppose the government's motion.  She thus

filed an *Anders* response and a motion to withdraw.  *See Anders v. California*,

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

386 U.S. 738, 744 (1967). We invited Mr. Cummings to respond, *see id.*, but he has not done so.

Having conducted an independent review of the parties' submissions and the relevant portions of the record, *see id.*, we agree it would be frivolous to challenge the enforcement of the appeal waiver. Nothing in the materials before us indicates that (1) Mr. Cummings has a claim, properly brought on direct appeal, that falls outside the scope of his appeal waiver; (2) he did not "knowingly and voluntarily waive[] his appellate rights"; or (3) "enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. If Mr. Cummings believes his counsel was ineffective, he can bring that claim in a collateral proceeding. *See id.* at 1327 n.13; *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

We deny Mr. Cummings' motion to strike the motion to enforce (Dkt. No. 16). We grant counsel's motion to withdraw (Dkt. No. 25). We grant the government's motion to enforce the appeal waiver (Dkt. No. 14) and dismiss this appeal.

Entered for the Court

Per Curiam

2